**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MOHAMED KHAIRULLAH, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>PAMELA J. BONDI, Attorney General of the United States, in her Official Capacity, *et al.*<br><br>*Defendants.* | Civil Action No: 3:23-cv-30095-MGM |

**PROTECTIVE ORDER GOVERNING ACCESS TO, HANDLING OF, AND DISPOSITION OF POTENTIAL SENSITIVE SECURITY INFORMATION AND <u>LAW ENFORCEMENT SENSITIVE INFORMATION</u>**

Sensitive Security Information ("SSI") is information that requires protection against unauthorized disclosure pursuant to <u>49 U.S.C. § 114(r)</u> and <u>49</u> C.F.R. Part 1520. As relevant here, unauthorized disclosure of SSI would be detrimental to the security of transportation. Unauthorized disclosure of SSI may also result in a civil enforcement penalty or other enforcement action by the Transportation Security Administration (TSA) against the person making the unauthorized disclosure.

Law Enforcement Sensitive Information ("LES Information") is unclassified information originated by agencies with law enforcement missions, such as the Federal Bureau of Investigation ("FBI") and the FBI's Terrorist Screening Center ("TSC"), that requires protection against unauthorized disclosure to protect sources and methods, investigative activity, evidence, or the integrity of pretrial investigative reports. Unwarranted disclosure of LES Information may reveal sensitive investigative techniques.

The Court's order of January 31, 2025 (<u>ECF No. 56</u>, hereinafter "Production Order") found "that Plaintiffs have a substantial need for the SSI [and LES information] contained within both [an]

*in camera, ex parte* memorandum of law, as well as an *in camera, ex parte* declaration, [filed in support of Defendants' request to transfer venue] in order to fairly adjudicate the venue, transfer, and standing issues." Production Order at 7; *see also id.* at 1–2 (citing Dkt. Nos. 34, 35). Consequently, the Court ordered that "the *ex parte* materials must be provided to Plaintiffs' counsel," pursuant to "an appropriately comprehensive attorneys' eyes only protective order" after "Plaintiffs' counsel [] successfully undergo a criminal history check and terrorist threat assessment [under § 525(d) of the Department of Homeland Security Appropriations Act of 2007, Pub. L. No. 109-925, 120 Stat. 135, 1382 (Oct. 4, 2006) ("Section 525(d) of the Act")]." Production Order at 7–8. Defendants highlight that they also submitted a supplemental statement to the Court *in camera, ex parte*, in connection with their reply in support of their motion to transfer venue. *See* Not. of Lodging, ECF No. 42. Defendants understand the contents of that supplemental statement to also be included in the Court's Order, given the Court's described intent, and, consistent with this understanding, are prepared to similarly disclose that supplemental statement, pursuant to the requirements for Plaintiffs' counsel laid out above and in the Production Order. Consequently, the Parties refer herein to "*ex parte* materials," which encompass the memorandum of law and declaration filed *in camera, ex parte* in support of Defendants' motion to transfer venue, as well as the supplemental statement filed *in camera, ex parte* in connection with Defendants' reply brief.

The Court's order of March 11, 2025 (ECF No. 64) permits certain information in the *ex parte* materials to be redacted but continues to require the disclosure of the other portions of the *ex parte* materials.

Pursuant to the Court's finding of substantial need, the Court hereby enters this Protective Order ("Order") governing access to, handling of, and disposition of the SSI and LES Information (collectively, "Secure Information") contained within the *ex parte* materials and required to be

disclosed.  All disclosures by the Government of the *ex parte* materials in connection with the above-captioned action must be made pursuant to this Order.

### 1.  Scope

**1.1** This Order shall govern the *ex parte* materials.[1]  *See* Production Order at 7–8; *In Camera, Ex Parte* Memorandum of Law in Support of Defs.' Mot. to Transfer Venue, filed *in camera, ex parte* April 19, 2024; Notice of Lodging, ECF No. 36; Suppl. *In Camera, Ex Parte* Statement in Support of Defs.' Mot. to Transfer Venue, filed *in camera, ex parte* June 13, 2024; Notice of Lodging, ECF No. 42 (collectively, the "*ex parte* materials").

**1.2** Plaintiffs' counsel's use of any information in the *ex parte* materials accessed pursuant to this Order is limited under this Order to resolution of the "venue, transfer, and standing issues" described in the Production Order.  Production Order at 7.

**1.3** Nothing contained herein alters or affects in any manner a Covered Counsel's obligations and duties as set forth in 49 C.F.R. Part 1520.

### 2.  Definitions

**2.1** Covered Counsel.  The term "Covered Counsel" shall refer to the attorneys representing the Plaintiffs in the instant litigation, who TSA has cleared for access to the *ex parte* materials, pursuant to the Court's Order of January 31, 2025, after determining that such access does not present a risk of harm to the nation based upon a criminal history records check and terrorist threat assessment, as laid out in Section 525(d) of the Act.  Prior to accessing information in the *ex parte* materials, all Covered Counsel must agree to be bound by the terms of this Order by signing attached EXHIBIT A.

---

[1] To the extent any information disclosed under the terms of this order consists of information protected by the Privacy Act, 5 U.S.C. § 552a, *et seq.*, the United States and its agencies and employees are authorized pursuant to 5 U.S.C. § 552a(b)(12) to produce such records pursuant to this Order and pursuant to the Court's Order of January 31, 2025, ECF No. 56.

**2.2** Restricted Use Documents.  The terms "Restricted Use Document" and "Restricted Use Documents" refer to the *ex parte* materials, and any written or printed matter of any kind, formal or informal, including any motions or pleadings submitted to the Court, and any graphic representations of any kind, that contains information from the *ex parte* materials.  This Order likewise covers any electronic records of any kind, including, but not limited to, all manner of electronic data processing storage.  "Document" includes any material capable of conveying information that is written, printed, recorded, photographically reproduced, electronically produced or stored, or reproduced by any process, including by hand, whether or not claimed to be privileged, confidential, or personal.

**2.3** Parties.  The terms "Party" and "Parties" refer to the current parties to this Litigation and their counsel.

**2.4** Sensitive Security Information.  The term "Sensitive Security Information" shall have the meaning set forth in <u>49 U.S.C. § 114(r)(1)(C)</u>, <u>49 C.F.R. § 1520.1</u> *et seq.*, and as designated in orders issued by TSA pursuant to <u>49 U.S.C. § 114(r)</u>.

**2.5** Law Enforcement Sensitive Information.  The term "Law Enforcement Sensitive Information" or "LES Information" shall consist of materials for which a law enforcement entity has asserted the Law Enforcement Privilege in the *ex parte* materials or in any information provided pursuant to the Production Order.

**<u>3</u>. Access to Sensitive Security Information**

**3.1** Access to the SSI under the terms and conditions of this Order shall be restricted to:

    a.   Covered Counsel in accordance with Section 2.1 of this Order;

    b.   Court personnel with a need to know specific SSI in the performance of their official duties; and

    c.   Court reporters who have signed a TSA-approved Non-Disclosure Agreement.

**3.2** To the extent that a Restricted Use Document contains a range of Sensitive Security Information, some of which the Court has required to be disclosed some of which the Court has not, TSA shall redact the Sensitive Security Information that Court has not required to be disclosed and authorize the production of such Restricted Use Document to Covered Counsel only in such redacted form.

**3.3** Should it come to the attention of TSA that (1) it has inadvertently failed to designate material as SSI; (2) material previously designated as SSI no longer requires such designation; or (3) material not previously designated as SSI now must be designated as SSI, TSA may share the appropriate markings for such material, and all Parties must then treat the material in accordance with its current designation. Any such re-designation, as described in this paragraph, shall not affect the ability of Covered Counsel to access the information included in the *ex parte* materials.

**3.4** Should Covered Counsel cease representing Plaintiffs in this action, such Covered Counsel shall no longer be approved to access SSI. Plaintiffs may elect to have a new attorney undergo the petition process described in Section 525(d) in order to obtain access to SSI.

**3.5** In the event that Covered Counsel loses or relinquishes his or her access to SSI, for any reason, the formerly Covered Counsel must immediately destroy all SSI in his or her custody or transfer such SSI to any new Covered Counsel in this action and certify in writing to TSA that all SSI in his or her custody has been destroyed or that all SSI in his or her custody has been transferred to the new Covered Counsel in this action.

**3.6** Within 60 days of termination of this action, including any appellate proceedings, Covered Counsel must destroy all SSI in his or her custody and subject to this Order and certify in writing to TSA that all SSI in his or her custody and subject to this Order has been destroyed.

4. **Access to Law Enforcement Sensitive Information**

5

**4.1** Access to LES Information contained in the *ex parte* memoranda and declaration, as described in Section 2.5 of this order, shall be subject to the conditions laid out in Section 3, *supra*, as modified below:

**4.2** Access to LES Information under the terms and conditions of this Order shall be restricted to:

    a.  Covered Counsel in accordance with Section 2.1 of this Order;

    b.  Court personnel with a need to know specific LES Information in the performance of their official duties; and

    c.  Court reporters who have signed a Non-Disclosure Agreement approved by counsel for Defendants.

**4.3** To the extent that a Restricted Use Document contains a range of LES Information, some of which the Court has required to be disclosed and some of which the Court has not, the Defendant(s) who designated the material as LES Information shall redact the LES Information that the Court has not required to be disclosed and authorize the production of such Restricted Use Document to Covered Counsel only in such redacted form.

**4.4** Should it come to the attention of any Defendant with authority to designate material as LES Information that (1) it has inadvertently failed to designate material as LES Information; (2) material previously designated as LES Information no longer requires such designation; or (3) material previously not designated as LES Information now must be designated as LES Information , said Defendant may share the appropriate markings for such material, and all Parties must then treat the material in accordance with its current designation.  Any such re-designation, as described in this paragraph, shall not affect the ability of Covered Counsel to access the information included in the *ex parte* materials.

**4.5** Should Covered Counsel cease representing Plaintiffs in this action, such Covered Counsel shall no longer be approved to access LES Information.

**4.6** In the event that Covered Counsel loses or relinquishes his or her access to LES Information, for any reason, the formerly Covered Counsel must immediately destroy all LES Information in his or her custody or transfer such LES Information to any new Covered Counsel in this action and certify in writing to counsel for Defendants that all LES Information in his or her custody has been destroyed or that all LES Information in his or her custody has been transferred to any new Covered Counsel in this action.

**4.7** Within 60 days of termination of this action, including any appellate proceedings, Covered Counsel must destroy all LES Information in his or her custody and subject to this Order and certify in writing to counsel for Defendants the destruction of all LES Information subject to this Order in his or her custody.

### 5.  Non-Disclosure of *Ex Parte Materials*

**5.1** Except as provided in this Protective Order, Covered Counsel is prohibited from disclosing, in any manner, whether in verbal or written form, or otherwise providing access to, the *ex parte* materials and the Secure Information contained therein, however obtained, to any individual or entity.  This prohibition continues to apply even after Covered Counsel ceases representing Plaintiffs in this action and after such Covered Counsel no longer has access to SSI or LES Information.

**5.2** Except as permitted in this Order, Covered Counsel is prohibited from aiding or assisting any person or entity in disclosing, in any manner, or otherwise providing access to, the *ex parte* materials and the Secure Information contained therein.  This prohibition continues to apply even after Covered Counsel ceases representing Plaintiffs in this action and after such Covered Counsel no longer has access to SSI or LES Information.

**5.3** Litigation support staff, including paralegals and administrative assistants, and expert consultants and witnesses, may not access the *ex parte* materials and the Secure Information contained therein unless expressly authorized by TSA or other Defendants, such as FBI or TSC, in writing and after undergoing the procedures required herein—and pursuant to the Court's Order—for Covered Counsel.

**5.4** Any authorized disclosure of the *ex parte* materials and the Secure Information contained therein must be made pursuant to Sections 6, 7, 8, and 9 of this Order.

**6. Production of Documents**

**6.1** Prior to production, the entity responsible for producing a Restricted Use Document shall label or endorse any such document with the following language, should it include SSI:

**ATTORNEYS' EYES ONLY**
**SUBJECT TO SENSITIVE SECURITY INFORMATION PROTECTIVE ORDER**
**KHAIRULLAH ET AL. V. BONDI ET AL.**
**NO. 3:23-CV-30095**
**SENSITIVE SECURITY INFORMATION**
**WARNING: THIS RECORD CONTAINS SENSITIVE SECURITY INFORMATION THAT IS CONTROLLED UNDER 49 C.F.R. PARTS 15 & 1520. NO PART OF THIS RECORD MAY BE DISCLOSED TO PERSONS WITHOUT A "NEED TO KNOW" AS DEFINED IN 49 C.F.R. PARTS 15 & 1520, EXCEPT WITH THE WRITTEN PERMISSION OF THE ADMINISTRATOR OF THE TRANSPORTATION SECURITY ADMINISTRATION OR THE SECRETARY OF TRANSPORTATION. UNAUTHORIZED RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER ACTION. FOR U.S. GOVERNMENT AGENCIES, PUBLIC DISCLOSURE IS GOVERNED BY 5 U.S.C. § 552 AND 49 C.F.R. PARTS 15 & 1520.**

**6.2** Prior to production, the entity responsible for producing a Restricted Use Document shall label or endorse any such document with the following language, should it include LES Information:

**ATTORNEYS' EYES ONLY**
**SUBJECT TO LAW ENFORCEMENT PIVILEGED PROTECTIVE ORDER**
**KHAIRULLAH ET AL. V. BONDI ET AL.**
**NO. 3:23-CV-30095**
**LAW ENFORCEMENT SENSITIVE INFORMATION**
**(U) LAW ENFORCEMENT SENSITIVE: The information marked (U//LES) in this document is the property of the FBI/TSC. Distribution outside of the Protective Order filed in this litigation without the authorization of FBI/TSC is prohibited. Precautions should be taken to ensure this information is stored and/or destroyed in a manner that precludes**

**unauthorized access. Information bearing the LES caveat may not be used in legal proceedings except in accordance with the Protective Order filed in this litigation. Recipients are prohibited from subsequently posting the information marked LES on a website or an unclassified network.**

**6.3** Should a Restricted Use Document contain both SSI and LES Information, the entity responsible for its production shall label or endorse any such document with the language laid out in Sections 6.1 and 6.2.

**6.4** Any Restricted Use Document(s) shall be produced by creating password-protected Adobe PDF files of the authorized Restricted Use Document(s) and sending them by means of either encrypted media (*e.g.*, DVD or flash drive) or a secure file transfer system. The password must be provided by separate email.

**6.5** Only Covered Counsel may maintain custody of any media containing Restricted Use Document(s), and such Covered Counsel has a duty to safeguard the Restricted Use Document(s), including via password protection, and the SSI and LES Information contained therein, from unauthorized disclosure. Electronic copies of Restricted Use Documents shall be stored as files that require a password to open, and documents stored online will be subject to end-to-end encryption. When not in the physical possession of Covered Counsel, any hardcopy Restricted Use Documents shall be stored in a secured container, such as a locked desk or locked file cabinet.

**6.6** Covered Counsel may create documents containing SSI and LES Information found in a Restricted Use Document, provided that any such created document is secured in the same or equivalent manner, to the same or equivalent extent, and with the same restrictions on access as the media containing the Restricted Use Document(s).

## 7. Use of Secure Information in Motions and Court Proceedings

**7.1** Covered counsel may make use of the Secure Information described in the Court's Order of January 31, 2025, only in the context of resolving "the venue, transfer, and standing issues" described in the Production Order. Production Order at 7.

9

**7.2** Any Party who wishes to use the *ex parte* materials or the Secure Information contained therein in connection with a motion or other submission to this Court must file the Restricted Use Document and any pleadings, motions, or other papers containing Secure Information under seal. After such a filing, TSA shall promptly review the filing to determine if such filing contains SSI and Defendants shall promptly review the filing to determine if such filing contains LES Information.  To the extent that TSA determines that such filing does not contain SSI and Defendants determine that such filing does not contain LES Information, the filing shall no longer be subject to this Order. Otherwise, TSA shall redact the specific SSI and Defendants shall redact the specific LES Information from the filing and provide such redacted version to the submitting party.  Such redacted versions may be used and disclosed in any manner consistent with the disclosure of non-SSI and non-LES Information, including filing on the public docket in this case.

**7.3** All court proceedings, or portions thereof, in which the *ex parte* materials or the Secure Information contained therein may be disclosed, shall be closed to the public.

## 8. Unauthorized Disclosures

**8.1** If Covered Counsel should disclose the *ex parte* materials or Secure Information contained therein other than as authorized by this Order, Covered Counsel, and any other Party, person, firm, or entity that is subject to this Order and learns of the unauthorized disclosure, shall immediately bring such disclosure of SSI to the attention of TSA and counsel for Defendants, and such disclosure of LES Information to the attention of counsel for Defendants.

**8.2** The Covered Counsel responsible for the unauthorized disclosure shall make every effort to obtain the return of the *ex parte* materials or Secure Information contained therein(including, without limitation, from the person to whom the unauthorized disclosure was made and from any other person to whom such information was transmitted as a direct or indirect result of the

10

unauthorized disclosure) and to prevent further disclosure on its own part or on the part of any person to whom the unauthorized disclosure was made.

**8.3** In addition to any other remedies that are available under law, any Covered Counsel responsible for an unauthorized disclosure of SSI protected by this Order may be subject to a civil penalty of up to $50,000 and any other remedy provided under 49 C.F.R. § 1520.17.

**8.4** In the event that TSA determines that Covered Counsel has intentionally, willfully or recklessly disclosed SSI in violation of this Order, TSA may, in the exercise of its sole discretion, revoke such Covered Counsel's access to SSI.  TSA may consider such intentional, willful, or reckless disclosure in determining whether to grant access to SSI to any member of a firm or entity that employed such Covered Counsel, or to the Party whom that Covered Counsel represents in this action.

**8.5** In the event any Defendant with LES Information determines that Covered Counsel has intentionally, willfully or recklessly disclosed LES Information in violation of this Order, the United States may petition this Court to revoke such Covered Counsel's access to LES and impose other appropriate sanctions.

### 9.  Reservation of Rights

**9.1** TSA reserves the right to revoke a Covered Counsel's access to SSI in the event that after Covered Counsel's initial completion of the criminal history check and terrorist threat assessment, TSA obtains information that leads TSA to determine that granting such Covered Counsel continued or additional access to SSI presents a risk of harm for the nation.  If the access granted to any Covered Counsel is altered in any appreciable way, the United States shall promptly inform the Court.

**9.2** Defendants who have the authority to designate material as LES Information reserve the right to revoke a Covered Counsel's access to LES Information in the event that after Covered Counsel's the initial completion of the criminal history check and terrorist threat assessment, such Defendant obtains information that leads the Defendant to determine that granting such Covered

11

Counsel continued or additional access to LES Information presents a risk of harm to law enforcement interests or national security. If the access granted to any Covered Counsel is altered in any appreciable way, the United States shall promptly inform the Court.

Good cause having been shown, the above protective order is hereby entered.

IT IS SO ORDERED.

DATE: 6/2/25

Mark G. Mastroianni
United States District Court Judge

12

# Exhibit A

**Agreement to Abide by the Terms of the Protective Order Governing Access to, Handling of, and Disposition of Potential Sensitive Security Information and Law Enforcement Sensitive Information in the matter of *Khairullah et al. v. Bondi et al.*, No. 3:23-cv-30095 (D. Mass.)**

I attest that I am familiar with, and will comply with all requirements including, without limitation, the standards for access, dissemination, handling, and safeguarding of Sensitive Security Information and Law Enforcement Sensitive Information as set forth in the Protective Order Governing Access to, Handling of, and Disposition of Potential Sensitive Security Information and Law Enforcement Sensitive Information in the matter of *Khairullah et al. v. Bondi et al.*, No. 3:23-cv-30095 (D. Mass.).

I make this Agreement in good faith, without mental reservation or purpose of evasion.

_____

Print Name

_____

Address

_____

Telephone Number

_____

Signature

**WITNESS:**

_____

Print Name

_____

Address

_____

Telephone Number

_____

Signature

14